IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID KOONTZ | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: 1:19-cv-01321-JMC |
| JULIA KIMBERLEY, et al, | * | |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

This suit arises from injuries sustained by David Koontz ("Plaintiff" or "Mr. Koontz") during an altercation between Mr. Koontz, eight employees of the Washington County Sheriff's Office, and two employees of Meritus Hospital. (ECF No. 67). Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments of the Federal Constitution, violations of Articles 24 and 26 of the Maryland Declaration of Rights, and various common law tort claims. The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. *Id.*

Pending before this Court are two dispositive motions. First, Defendants Julia Kimberley, Greg Alton, Howard Ward, Daniel Monn, Bryan Glines, Spencer Shank, Clayton Stottlemeyer and Ben Jones, all of whom are employees of the Washington County Sheriff's Office (collectively "Deputy Defendants") filed a Motion for Sanctions or Dismissal. (ECF No. 100). Second, Defendant Meritus Medical Center, Inc. ("Meritus") filed a Motion to Dismiss. (ECF No. 106).

The issues have been briefed (ECF Nos. 100-1; 106-1) and no hearing is necessary.[1]  *See* Local Rule 105.6. (D. Md. 2018).  For the reasons more fully explained below: (1) the Deputy Defendants' Motion for Sanction or to Dismiss is GRANTED; and (2) Defendant Meritus' Motion to Dismiss is GRANTED.

## BACKGROUND

The facts giving rise to this suit are set out in this Court's prior memorandum opinion (*see* ECF No. 71 at 2–7) and need not be reiterated here.  Instead, the Court will establish the relevant background necessary to resolve the motions at hand.

Plaintiff filed the operative Amended Complaint on August 13, 2019.  (ECF No. 67).  The Court, by memorandum opinion and order, resolved Defendants' then-pending motions to dismiss (*see* ECF Nos. 71; 72), and ultimately issued a scheduling order on October 16, 2019.  (ECF No. 76).  In pertinent part, the scheduling order established a discovery deadline of June 1, 2020.  *Id.* at 1.

The Deputy Defendants propounded discovery to Mr. Koontz on November 25, 2019.  (ECF Nos. 88 at 1; 100-1 at 1–2).  More specifically, Defendant Shank propounded twenty-three interrogatories and twenty-one requests for production of documents to Mr. Koontz.  *Id.* Defendant Wade propounded nineteen additional interrogatories to Mr. Koontz that same day.  *Id.* This written discovery was served via United States Mail, postage prepaid to Plaintiff's counsel, Margaret Teahan, Esquire, at the time.  (ECF No. 88 at 1).  Receiving no response, the Deputy Defendants, through counsel, emailed Ms. Teahan on December 30, 2019 to advise that Mr.

---

[1] Plaintiff has not responded to the Deputy Defendants' Motion for Sanctions or Dismissal, or Defendant Meritus' Motion to Dismiss, and the time to do so has now passed.

Koontz's discovery responses were due, and inquiring as to when same could be expected. (ECF No. 100-2 at 1).

On January 2, 2020, Ms. Teahan moved to withdraw her appearance as Plaintiff's counsel. (ECF No. 78). Thereafter, the Court conducted a status hearing with all parties on January 21, 2020. (ECF No. 85). During the hearing, and by marginal order following same, the Court granted Ms. Teahan's Motion to Withdraw as Counsel on behalf of Mr. Koontz. (ECF No. 81). During the hearing, the Court stressed to Mr. Koontz his responsibilities in proceeding before this Court without counsel. To confirm and amplify the substance of the Court's advisements, the Court issued a written Order following the hearing and reiterated that Mr. Koontz, "proceeding *pro se*, remains subject to all discovery rules of this Court. This includes the obligation to comply with all written discovery requests and appear for a deposition (if requested)." (ECF No. 83 at 1). The Order further confirmed that it was Mr. Koontz's responsibility to "promptly notify the Clerk of any change of address, including email address. This obligation is continuing, and failure to comply may result in the Court entering an order dismissing any affirmative claims for relief filed by that party and may enter a default judgment on any claims against that party." *Id.*

Two days after the hearing, on January 23, 2020, Deputy Defendants Alton, Glines, Monn, Stottlemyer and Ward propounded additional interrogatories and requests for production of documents. (ECF Nos. 88 at 2; 100-1 at 2; 100-3 at 1). These additional requests were sent by first class and certified mail return receipt requested to Mr. Koontz's address of record: 2077 SE Leonard Road, Apartment 112, Building, Port St. Lucie, Florida, 32459. *Id.* Copies of the initial discovery requests of November 25, 2019 (from Deputy Defendants Kimberly and Shank) were also enclosed, along with a letter requesting a response by February 25, 2020. (ECF Nos. 88 at 2; 100-1 at 3; 100-3 at 1). Defendant Meritus propounded written discovery requests on February

19, 2020, including interrogatories, requests for production of documents, and requests for admission.  (ECF No. 106-1 at 2; 106-2; 106-3; 106-4).  Defendant Meritus served Mr. Koontz by mailing these discovery requests to his address of record.  (ECF No. 106-1 at 2).

On February 21, 2020, the Deputy Defendants sent Mr. Koontz a follow-up letter, via United States mail, advising Mr. Koontz that if no responses were received by February 26, 2020, Defendants would seek Court intervention to address his failure to participate in discovery.  (ECF Nos. 88 at 2; 100-1 at 3; 100-4 at 1).  Rather than substantively respond to the Deputy Defendants' requests for discovery, Mr. Koontz called Defense Counsel multiple times from February 24–26, 2020.  (ECF Nos. 88 at 2–3; 100-1 at 3).  On one call, Mr. Koontz (1) accused Defense Counsel of harassment and lying; (2) threatened to file complaints against Defense Counsel if he continued to send Mr. Koontz mail; (3) stated that he had no intention of responding to the Deputy Defendants' written discovery; and (4) advised that the address of record was not his mailing address (although by the nature of his response, Mr. Koontz must have received notice of those materials, if not the materials themselves).  (ECF Nos. 88 at 2–3; 100-1 at 3).  On numerous other calls during this time period, Mr. Koontz maintained an "aggressive and accusatory" tone, which lead to "unnecessarily unpleasant" conversations.  (ECF Nos. 88 at 3; 100-1 at 3).  On these calls, Mr. Koontz questioned whether Defense Counsel had received an email from Mr. Koontz, which, after searching, Defense Counsel had not.  *Id.*  Defense Counsel then provided Mr. Koontz with his email address.  *Id.*  Mr. Koontz emailed Defense Counsel on February 26, 2020.  (ECF Nos. 88 at 3; 100-1 at 3; 100-5).  In an email with the subject line titled, "This is the charging amount granted," Mr. Koontz's correspondence stated in full, "[t]he home address is not my mailing address, do not use or send mail to the address on this document."  (ECF No. 100-5 at 1).  Along

with the email, Mr. Koontz attached a communication between Plaintiff's former counsel and the State Treasurer. (ECF Nos. 88 at 3; 100-1 at 3; 100-5 at 2–3).

The Deputy Defendants, after receiving no substantive response to their discovery requests, filed a letter correspondence with the Court on February 26, 2020. (ECF No. 86). The Deputy Defendants informed the Court of Mr. Koontz's conduct (reiterated above), and requested the Court issue an order requiring Mr. Koontz to respond to the propounded discovery by a date certain. *Id.* This Court directed the Deputy Defendants to supplement their request with more information,[2] (ECF No. 87), and the Deputy Defendants complied by filing an additional letter correspondence. (ECF No. 88).

After consideration of the Deputy Defendants' request to direct Mr. Koontz to respond to discovery by a date certain, this Court issued an Order on March 4, 2020 ("March 4 Order"). (ECF No. 89). The Court, *inter alia*, granted the Deputy Defendants' request and directed Mr. Koontz to respond to discovery by March 23, 2020. *Id.* at 5. In granting the motion, the Court forewarned Mr. Koontz of possible repercussions should he continue to flout his responsibilities in maintaining this action:

> **Plaintiff is specifically forewarned that his continued failure to respond to discovery requests could result in dismissal of his case.** Of note, district courts have the authority to dismiss cases under Federal Rule of Civil Procedure 37(d) and 41(b), as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991); *Diamond* [*v. Bon Secours Hosp.*, 2010 WL 2696632, at *6 (D. Md. July 6, 2010)] (describing Court's powers under 37(d) and 41(b)). The Court may grant

---

[2] Specifically, the Court sought information concerning "what discovery [Defendants] propounded; when the discovery was propounded; how Plaintiff was served; and what communications [Defendants] had with Plaintiff regarding his nonresponse." (ECF No. 87 at 1).

an involuntary dismissal pursuant to either Rule if the *pro se* litigant's refusal to comply with procedural requirements, or court orders, warrants such a sanction.

***

This Court "expects all litigants, including *pro se* litigants, to conduct themselves with civility and decorum, both in their filings with the Court and communications with each other, and to litigate in good faith. This Court will not tolerate additional uncivil conduct or filings made with an improper purpose." *Nasser v. WhitePages, Inc.*, 2014 WL 1323170, at *6 (W.D. Va. Apr. 1, 2014). The Court will admonish Mr. Koontz that his conduct is in violation of the Federal Rules and also does not meet the standards of behavior this Court expects of all litigants. This Court anticipates that such an admonishment will deter future misbehavior and will result in Mr. Koontz complying with the etiquette of this Court, in addition to following its Orders, specifically, his obligation to comply with all discovery rules of this Court and the Federal Rules of Civil Procedure.

(ECF No. 89 at 3–5) (emphasis added). On March 16, 2020, Mr. Koontz noted an appeal of the March 4 Order. (ECF No. 90). The U.S. Court of Appeals for the Fourth Circuit, noting in an unpublished, *per curiam* opinion that the March 4 Order was "neither a final order nor an appealable interlocutory or collateral order," dismissed the appeal for lack of jurisdiction. (ECF No. 94-1 at 3). The Fourth Circuit's Mandate issued on August 18, 2020. (ECF No. 95).

After receiving the Fourth Circuit's Mandate, the Court directed the parties to submit a joint status report by September 8, 2020. (ECF No. 96). On August 31, 2020, Defendant Meritus and the Deputy Defendants sent Mr. Koontz a proposed joint status report by email, regular mail, and certified mail. (ECF No. 100-1 at 5; 100-6). Defendants received no response and, after advising the Court of Mr. Koontz's non-responsiveness, filed a status report without input from Mr. Koontz. (ECF Nos. 97; 98).

In the time since the Deputy Defendants filed their Motion for Sanctions, or to Dismiss, Mr. Koontz has hand-written several letters to the Court. (ECF Nos. 99; 102; 108). The Court notes that these letters are by and large illegible. To the extent that Mr. Koontz's letters are legible,

they appear to address events unrelated to this litigation,[3] or they evince a desire not to participate in this litigation.[4]  The Deputy Defendants filed a letter correspondence advising the Court that they "have no direct response" to Mr. Koontz's letters because Defense Counsel "cannot determine what the papers are intended to mean nor what, if any, relief Mr. Koontz is seeking through the papers."  (ECF No. 103 at 2).  Defense Counsel further contended that "neither paper can be construed as addressing the Court's prior orders . . . directing Mr. Koontz to provide discovery responses," Mr. Koontz's second letter "does not appear to address the substance of the Deputy Defendants' Motion for Sanctions or to Dismiss," and to date, "Mr. Koontz has produced no discovery responses whatsoever."  (ECF No. 103 at 2).  Moreover, on December 9, 2020, Mr. Koontz engaged in an email conversation with Counsel for Defendant Meritus.  (ECF No. 106-6).  In relevant part, Defense Counsel reiterated the outstanding discovery requests to which Mr. Koontz had not replied, and emphasized this Court's March 4 Order directing Plaintiff's responses.  *Id.* at 1.  Mr. Koontz, in reply, informed Defense Counsel, "I do not answer question[.]  I tell the facts of my case and y .."  *Id.*

Mr. Koontz's failure to respond to Defendants' outstanding discovery requests, conduct discovery on his own, and overall failure to prosecute his claims caused Defendants to file the instant motions.  (ECF No. 100-1 at 5; 106-1 at 3).  The Clerk of the Court issued Rule 12/56 Notices advising Mr. Koontz of his right to file a written response to Defendants' Motions within 28 days.  (ECF Nos. 101; 107).  Notably, these notices prominently warn that "[i]f you do not file

---

[3] For example, one letter provides, "I was just hurassed [sic] by people looking out there [sic] car windows.  watching me walk to the store but in another . . . group and disrespectful group that acted and don't care about problems and assaulted me violently."  (ECF No. 108 at 1).

[4] Defendant Meritus transcribed a relevant portion of one letter.  It read, "I am understanding: you are [re]questing information that should have been 'submitted' . . . .  I do not and will not provide you with this information.  It is my right to as a plaintiff to receive these documents and retain the same documents.  (ECF No. 106-1 at 2) (quoting ECF No. 102 at 1).

a timely written response, or if your response is inadequate, the Court may dismiss the case or enter judgment against you without further opportunity to present written argument. If you file no written response, the Court will resolve the case based on the materials submitted by defendant(s)." *Id.* All of Mr. Koontz's written correspondences to the Court were untimely and inadequate in that they do not substantively address Defendants' Motions.

## STANDARD OF REVIEW

The Deputy Defendants have moved for sanctions—pursuant to Federal Rule of Civil Procedure ("FRCP") 37(b)(2)(A) and 37(d)—or, in the alternative, to dismiss—pursuant to FRCP 41(b). (ECF No. 100-1). Defendant Meritus filed a motion to dismiss pursuant to FRCP 41(b), but also argues that dismissal under FRCP 37(b)(2)(A) and 37(d) would be appropriate. (ECF No. 106-1).

A court has wide discretion to impose a variety of sanctions, including dismissal, when a plaintiff fails to prosecute his or her case, or a party fails to comply with the Federal Rules of Civil Procedure, or a court order. Fed. R. Civ. P. 37(b)[5], 37(d)[6], 41(b)[7]; *see also Link v. Wabash R.R. Co.*, 270 U.S. 626, 629–31 (1962); *Mut. Fed. Savs. & Loan Ass'n. v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989); *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977); *Hillig v. IRS*, 916 F.2d 171, 174 (4th Cir. 1990). The Fourth Circuit has made clear that "dismissal with prejudice is a 'harsh sanction which should not be invoked lightly.'" *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (citation omitted). Indeed, it is for this

---

[5] If a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

[6] "The court where the action is pending may, on motion, order [Rule 37(b)(2)(A)(i)–(vi)] sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(ii).

[7] FRCP 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with [the FRCP] or a court order, a defendant may move to dismiss the action or any claim against it."

reason that dismissal with prejudice is "ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998).

Before a court may impose dismissal as a sanction under Rule 37, the Court must consider the following factors derived from *Wilson*: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Savs. & Loan Ass'n.*, 872 F.2d at 92 (citing *Wilson*, 561 F.2d at 503–06); *see also Diamond v. Bon Secours Hosp.*, Civ. No. WMN-09-865, 2010 WL 2696632, at \*6–7 (D. Md. July 6, 2010) ("Prior to dismissal under Rule 41(b), the court must consider four similar factors: '(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.'") (quoting *Hillig v. IRS*, 916 F.2d 171, 174 (4th Cir. 1990))).  The Fourth Circuit has further stated that

> when exercising its power to dismiss as a sanction, a court must consider: (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients;[8] (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

*Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 226 (4th Cir. 2019).  Finally, "before dismissing a case with prejudice, the district court must give the noncomplying party a[n] 'explicit

---

[8] The Court notes that, because Mr. Koontz elected to proceed *pro se* during the relevant time period, he alone is responsible for his actions.

and clear' warning of the consequences of failing to satisfy the court's conditions and orders. *Malhotra v. KCI Techs., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007).

## DISCUSSION

As the Court noted in its March 4 Order, "Plaintiff's complete failure to comply with the Federal Rule[s] of Civil Procedure, and this Court's Orders, are thwarting the expeditious administration of this case." (ECF No. 89 at 3). At this juncture, given Mr. Koontz's failure to provide discovery responses, obey this Court's discovery orders, meaningfully participate in this litigation, and prosecute this case, dismissal is warranted under FRCP 37 and 41. The Court will address the Defendants' respective motions in turn.

## I.  *The Deputy Defendants' Motion for Sanctions*

The Deputy Defendants argue, and this Court agrees, that the *Wilson* factors support the sanction of dismissal.

### A.  *Bad Faith*

Mr. Koontz's failure to comply with this Court's discovery orders and provide discovery responses—all while filing other documents with the Court and contacting Defense Counsel by phone and email—amounts to bad faith. A party's noncompliance with discovery orders may provide the basis for a finding of bad faith. *Mut. Fed. Savs. & Loan Ass'n.*, 872 F.2d at 93. Here, the Court's March 4 Order directed Mr. Koontz to "provide full, complete, and sworn answers to all interrogatories and full and complete responses to the request for production documents . . . on or before March 23, 2020." (ECF No. 89 at 5). Mr. Koontz failed to do so. Indeed, since that

date, an entire year has elapsed, and Mr. Koontz has yet to provide Defendants with any response to their discovery requests.

Mr. Koontz's periodic contact with Defense Counsel by phone and email, without responding to discovery, demonstrates a refusal to engage in discovery. Mr. Koontz's sparse communications establish that his withholding of information is done in bad faith. Notably, in his November 25, 2020 correspondence, he writes, "I do not and will not provide you with this [requested discovery] information." (ECF No. 102 at 1). He plainly informed Defense Counsel, "I do not answer question[s]." (ECF No. 106-6 at 1). Such a failure to participate in discovery and provide responses directed by this Court's March 4 Order amounts to a "callous disregard for the authority of the district court and the Rules." *Mut. Fed. Savs. & Loan Ass'n.*, 872 F.2d at 92. As such, this factor weighs in favor of Defendants.

### B.   *Prejudice*

Mr. Koontz's conduct has severely prejudiced the Defendants. Under the Federal Rules, Mr. Koontz was required to respond to Defendants' discovery requests and produce the requested documents within thirty days of service. The Deputy Defendants propounded discovery to Mr. Koontz on November 25, 2019 and again on January 23, 2020. (ECF Nos. 88 at 1–2; 100-1 at 1–2; 100-3 at 1). Defendant Meritus propounded written discovery requests on February 19, 2020, including interrogatories, requests for production of documents, and requests for admission. (ECF No. 106-1 at 2; 106-2; 106-3; 106-4). To date, Defendants have not received any answers to interrogatories or responsive documents. Mr. Koontz's failure to provide responses substantially, if not completely, impedes Defendants' ability to defend this action. Accordingly, because he has failed to produce *any* evidence in discovery, it is fair to conclude that he has withheld material evidence. Moreover, Mr. Koontz's non-responsive approach to discovery has delayed the ultimate

resolution of this case, thereby compounding the prejudice to Defendants.[9]  This factor also weighs in favor of Defendants.

### C.       *"Clear and Explicit" Warning, Deterrence & Less Drastic Sanctions*

On January 21, 2020, when Mr. Koontz began proceeding *pro se*, the Court put Mr. Koontz on notice that, he remained subject to all discovery rules of this Court.  (ECF No. 83).  The Court made abundantly clear that doing so included "the obligation to comply with all written discovery requests and appear for a deposition (if requested)."  *Id.*  When Mr. Koontz failed to respond to Defendants' requests for discovery, and this Court directed Mr. Koontz to do so by March 23, 2020, the Court included the following warning: "Plaintiff is specifically forewarned that his continued failure to respond to discovery requests **could result in dismissal of his case**."  (ECF No. 89 at 3) (emphasis added).  Nevertheless, Mr. Koontz disregarded (and continues to disregard) this Court's clear and explicit warning that dismissal of his case may result from continued noncompliance with Defendants' discovery requests.

Mr. Koontz's conduct—namely ignoring orders of the Court—is of the sort which must be deterred.  *See Mut. Fed. Savs. & Loan Ass'n.*, 872 F.2d at 92 ("ignoring the direct orders of the court with impunity . . . [is] misconduct [that] must obviously be deterred.").  A sanction of dismissal in this case will deter other litigants, *pro se* or represented, from blatantly ignoring this Court's orders.  Given the above, especially the fact that Mr. Koontz ignored prior admonishments, this Court believes that a sanction less drastic than dismissal would not induce Mr. Koontz's compliance with this Court's orders.

---

[9] Such delay also wastes judicial resources, which is not in the public interest.

## II.    *Defendant Meritus' Motion to Dismiss*

The above discussion, as applied to the factors set out in *Diamond*, 2010 WL 2696632, at *7 (D. Md. July 6, 2010), directs the same conclusion—dismissal is also warranted under FRCP 41(b).  Mr. Koontz has failed to comply with the Federal Rules governing discovery and this Court's orders, causing Defendant Meritus to move to dismiss the action.  *See* Fed. R. Civ. P. 41(b).

First, Mr. Koontz, proceeding *pro se*, is solely responsible for following this Court's orders and engaging in discovery.  *See id.*, at *6 ("[P]*ro se* litigants and other litigants alike 'are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible.'").  Mr. Koontz was afforded multiple opportunities to respond to Defendants' discovery, well after the deadline imposed by the Federal Rules.  Second, the amount of prejudice to Defendants is significant.  Defendants are prejudiced by Mr. Koontz's lack of participation in discovery in that they are unable to "properly address the merits of Plaintiff's unsupported claims." (ECF No. 106-1 at 6).  Third, Mr. Koontz has stalled this litigation since January 2020.  This, of course, has unnecessarily delayed the ultimate resolution of the matter.  Worse yet, Mr. Koontz's statements in response to overdue discovery requests, such as "I will not provide you with this information," or "I do not answer question[s]," make clear his intent to deliberately proceed in a dilatory fashion.  Fourth, given that Mr. Koontz has flouted this Court's clear and explicit warning that dismissal may result from his continued failure to respond to

discovery, sanctions less drastic than dismissal would be ineffective.  Therefore, the Court will grant Defendant Meritus' Motion to Dismiss.

## CONCLUSION

For these reasons, the Deputy Defendants' Motion for Sanctions, or to Dismiss (ECF No. 100), is GRANTED.  Defendant Meritus' Motion to Dismiss (ECF No. 106) is GRANTED.  Accordingly, judgment is entered in favor of Defendants.

A separate order will follow.


Date: April 20, 2021                                    _____/s/_____
                                                                          J. Mark Coulson
                                                                          United States Magistrate Judge